# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | : | No. 3:04cv1884 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **BELLMORE MERRICK CENTRAL HIGH SCHOOL DISTRICT,** | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court for disposition is Defendant Bellmore Merrick Central High School District's ("Bellmore") motion to dismiss Plaintiff Nationwide Mutual Insurance Company's ("Nationwide") complaint for failure to join a necessary and indispensable party. This matter has been fully briefed and is ripe for disposition. For the following reasons, we will grant the motion in part and order that the absent parties be joined.

### Background[1]

In the instant suit, Nationwide seeks a declaration of its duties to Bellmore under a liability policy ("the policy"). Bellmore is a school district located in Suffolk County, New York. Currently, Bellmore is defending two suits in New York state court (the underlying actions"), wherein Bellmore students ("the underlying plaintiffs") allege that they were subjected to hazing while attending a school supervised football camp in Preston Park, Pennsylvania. The underlying actions are currently pending. Nationwide seeks a declaration

---

[1] The following background facts are derived from the complaint.

that it has no duty under the insurance contract to defend or indemnify Bellmore in the underlying actions. Bellmore argues that the underlying plaintiffs are necessary parties pursuant to Federal Rule of Civil Procedure 19 ("Rule 19") and should be joined accordingly.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is an Ohio corporation with a principal place of business in Ohio, and the defendant is a New York school district. The amount in controversy exceeds $75,000. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Rule 19 provides a two-step process to determine whether to dismiss a case. Bank of America v. Hotel Rittenhouse Associates, 844 F.2d 1050, 1053-54 (3d Cir. 1988). The first step is to decide, pursuant to Rule 19(a), if the absent parties are necessary parties who should be joined if "feasible." Id. Next, if they are necessary but joinder is not feasible, the court must determine if they are indispensable as defined by Rule 19(b). Id. at 1054. If they are necessary and indispensable, then the case must be dismissed. Id. Since Bellmore has made no argument regarding Rule 19(b), we will limit our analysis to determine if the absent parties should be joined under Rule 19(a).

Bellmore argues that the underlying plaintiffs are necessary under three separate prongs

of Rule 19(a). As we find that the absent parties are necessary pursuant to Rule 19(a)(2)(I), we will address this prong only.

An absent party must be joined if it "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede its ability to protect that interest." FED. R. CIV. P. 19(a)(2)(I). The underlying plaintiffs' interest, according to Bellmore, is their ability to recover for their injuries in the underlying lawsuits by bringing a direct action against Nationwide pursuant to New York Insurance Law § 3420 ("section 3420").

Section 3420 allows a party injured by an insured to recover directly from the insurer if the injured party first obtains a judgment against the insured, and then judgment remains unsatisfied for thirty days following proper service of the notice of the judgment. Lang v. Hanover Ins. Co., 820 N.E.2d 855, 857-58 (N.Y. 2004). "[T]he effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also is no greater." Id. (quoting Coleman v. New Amsterdam Cas. Co., 160 N.E. 367, 369 (N.Y 1928)). Thus, should the underlying plaintiffs obtain a judgment against Bellmore and the judgment remains unsatisfied, they will be able to maintain a cause of action in New York against Nationwide to recover under the contract that is the subject matter of the declaratory action *sub judice*. Thus, the issue we must decide in the instant motion is whether the underlying plaintiffs' interests created by section 3420 will be impaired by our declaration of the rights and duties under the policy. For the reasons that

3

follow, we find that the potential preclusive effect of our declaration may as a practical matter impede the underlying plaintiffs' ability to protect their interests under section 3420.

A party must be joined under Rule 19(a)(2)(I) if "some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments." Janney Montgomery Scott, Inc., v. Shepard Niles, 11 F.3d 399, 409 (3d Cir. 1993). Thus, if the collateral estoppel or res judicata effect of our decision in this case may preclude the underlying plaintiffs from seeking recovery under section 3420 in a later suit, they must be joined under Rule 19(a)(2)(I). "If issue preclusion or collateral estoppel could be invoked against [the absent party] in other litigation, continuation of the federal action could 'as a practical matter impair or impede [the absent party's] interests and so Rule 19(a)(2)(I) would require its joinder if joinder were feasible." Id. at 409.

Should the underlying plaintiffs obtain a judgment in the underlying claims and bring a direct action against Nationwide under section 3420, they would be subject to the New York laws regarding claim preclusion. D'Arata v. New York Central Mut. Fire Ins. Co., 76 N.Y.2d 659, 664 (N.Y. 1990). Under collateral estoppel, a party or one in privity with a party cannot relitigate an issue decided against it. Id. Thus, should Nationwide succeed in the case *sub judice* on the issue of coverage, it could preclude the underlying plaintiffs from relitigating the coverage issue if the absent parties are found to be in privity with Bellmore.

In New York, an injured party bringing suit under section 3420 against the insurer is in privity with the tortfeasor/insured. Id. In D'Arata, the plaintiff, the victim of a shooting,

4

brought a section 3420 suit against the insurer of his assailant. Id. at 662. The issue before the court was "whether the insurer may use the insured's criminal judgment of conviction as a collateral bar to plaintiff's attempt in this case to relitigate the issue of his assailant's intent to injure." Id. As the section 3420 plaintiff was not a party to the previous criminal case against the insured, the court addressed whether the plaintiff was in privity with the insured such that he could be collaterally estopped from relitigating the issue. Id. The court held that a section 3420 plaintiff proceeds "as a subrogee of the insured's rights and is subject to whatever rules of estoppel would apply to the insured. . . . Thus, the inevitable consequence of plaintiff's election to proceed against the defendant [insurer] under Insurance Law § 3420 (b)(1) is that he is in legal privity with the claimed insured for the purpose of collateral estoppel analysis. Id. at 665; see also New York Mut. Fire. Ins. Co. v. Kilmurry, 585 N.Y.S.2d 599, 601 (N.Y. Sup. Ct. 1992) (holding that a section 3420 plaintiff is in privity with the insured and therefore precluded from relitigating coverage issues following a declaratory judgment that the insurer has no duty to indemnify the insured).

Therefore, the rules of estoppel that apply to Bellmore will also apply to the underlying plaintiffs, and our decision in this case regarding coverage will be binding on them should they bring suit in New York court under section 3420. Thus, if we find in favor of Nationwide, the underlying plaintiff's interest under section 3420 may as a practical matter be impeded.[2]

---

[2] Nationwide argues that the absent parties do not have an interest under section 3420 because they have not obtained a judgment against Bellmore and thus at present are unable to bring a direct action. Furthermore, Nationwide argues that Bellmore has sufficient insurance from other providers to cover any judgment. We find neither of these arguments persuasive. We need not determine whether our decision

Accordingly, we will order that Nationwide join them in the instant suit as necessary parties pursuant to 19(a)(2)(I).

---

will certainly preclude the underlying plaintiff's ability to protect their interests. Rather, the relevant inquiry is whether our decision "may as a practical matter" impede the underlying plaintiffs' ability to protect their interests. FED. R. CIV. P. 19(a)(2)(I). Significantly, although the underlying plaintiffs cannot bring a direct action at present, they do have standing to defend the instant declaratory action. Federal Kemper v. Rauscher, 807 F.2d 345 (3d Cir. 1986). Thus, the effect of our decision on the potential section 3420 suit is sufficient to require joinder under section 3420.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | : | No. 3:04cv1884 |
| **Plaintiff** | : | (Judge Munley) |
| v. | : | |
| **BELLMORE MERRICK CENTRAL HIGH SCHOOL DISTRICT,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 10th day of June 2005, Defendant's motion to dismiss (Doc. 5) is hereby granted in part and denied in part. To the extent it seeks dismissal, the motion is **DENIED**. It is hereby **ORDERED** that Plaintiff Nationwide Mutual Insurance Company has thirty (30) days from the issue of this order to file an amended complaint joining the plaintiffs in the underlying actions referenced in paragraph one of Plaintiff's complaint.

 **BY THE COURT:**


 **s/ James M. Munley
 JUDGE JAMES M. MUNLEY
 United States District Court**